[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14899
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00014-RH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER DESEAN SESSION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(May 10, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Christopher Session appeals his convictions for possessing a firearm as a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2), possessing with intent to distribute methamphetamine and marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D), and possessing a firearm in furtherance of his drug crime, 18 U.S.C. § 924(c)(1)(A)(i). Session appeals the denial of his motion to suppress the drugs and firearm discovered during a warrantless search of his vehicle. We affirm.

The district court did not err by denying Session's motion to suppress. Officer Maddox stopped Session for a traffic violation. As Maddox approached Session's vehicle, he detected a strong odor of burnt marijuana and observed that the occupants of the vehicle were extremely nervous. Although Maddox and two other officers failed to mention the smell of marijuana in their written reports, Maddox testified about the odor at the pre-trial hearing, and the district court credited his testimonial account. We defer to the district court's credibility determination because it was not clearly erroneous. *See United States v. Williams*, 731 F.3d 1222, 1230 (11th Cir. 2013). We have previously held that the recognizable smell of marijuana gives rise to probable cause supporting a warrantless search. *See United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982); *see also United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc).

2

Moreover, while the district court permissibly found probable cause based on the smell of marijuana alone, Officer Maddox further recounted that Session opened his center console to produce his insurance and exposed what Officer Maddox perceived were currency and plastic bags filled with "orange, yellowish" pills. This only added to the already-existing probable cause.

Though Maddox could have lawfully searched the vehicle after smelling marijuana, he first went to his patrol car in an effort to allow the occupants of Session's vehicle to calm down since Maddox perceived them to be nervous. Maddox also returned to his car to run a background check. When he returned to Session's vehicle, Maddox learned by radio that an outstanding warrant existed for Session's arrest. Maddox and a second backup officer arrested Session based on the warrant. They then searched Session's vehicle and discovered currency and drugs in the center console, and a firearm, two clips of ammunition, and additional currency in the glove compartment. The fact that Maddox did not search the vehicle immediately did not affect the existence of probable cause, as a legitimate reason for the time lapse existed. Because the search was conducted based on probable cause, the officers were not required to obtain a warrant before seizing the drugs, firearm, and ammunition from Session's vehicle. *See United States v. Ross*, 456 U.S. 798, 807, 102 S. Ct. 2157, 2163 (1982).

We **AFFIRM** Session's convictions.